Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
TYLER BROWN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| TYLER BROWN, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC RECOVERY SOLUTIONS, LLC, <br><br> Defendant. | **Case No.: 4:21-cv-9124** <br><br> **PLAINTIFF'S COMPLAINT** |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TYLER BROWN ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k.

4. This Court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in City of Danville, Contra Costa County, State of California.

7. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and RFDCPA.

9. Defendant is a debt collector as the term is defined by the FDCPA and RFDCPA.

10. Within the last year, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a New York limited liability company and national collection agency headquartered in Hamlet of Getzville, Town of Amherst, Erie County, State of New York.

13. Defendant engaged in the collection of debt within Contra Costa County, State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collect, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect a consumer debt from Plaintiff.

20. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

21. In or around January 2021, Defendant began calling and texting Plaintiff on his cellular telephone at xxx-xxx-1847 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 716-351-3264, which is just one of Defendant's many telephone numbers.

23. Defendant texts Plaintiff from short code 57844.

24. On January 18, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you or any legal representation you may have pertaining to documents receive. Please call 217-484-7001 to discuss your case and refer to File #2363706 while calling back. Thank you."

25. On January 25, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you pertaining to a legally required notice sent to your address. Please call 209-553-6721 to discuss your case and refer to File# 2363706 while calling back. Thank you."

26. On January 26, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you pertaining to a legally required notice sent to your address. Please call 209-553-6721to discuss your case and refer to File# 2363706 while calling back. Thank you."

27. On January 27, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you pertaining to a legally required notice sent to your address. Please call 209-553-6721to discuss your case and refer to File# 2363706 while calling back. Thank you."

28. On January 28, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you pertaining to a legally required notice sent to our address. Please call 217-484-4983 discuss your case and refer to File# 2363706 while calling back. Thank you."

29. On January 30, 2021, Defendant sent Plaintiff the following text message: "This text is from ARS. Tyler Brown, we need to speak with you pertaining to a legally required notice sent to our address. Please call 217-484-7045 discuss your case and refer to File# 2363706 while calling back. Thank you."

30. With regard to the above-referenced text messages,

   a. 209-553-672, 217-484-4983, and 217-484-7045 are phone numbers belonging to Defendant;

   b. Defendant fails to state that the communication is from Atlantic Recovery Solutions, LLC;

   c. Defendant fails to state that the communication is from a debt collector;

    d. Defendant fails to state that any information obtained will be used for the purpose of collecting a debt; and

    e. Defendant falsely states that a legally required noticed was sent to Plaintiff's address.

31. When Plaintiff did not respond to Defendant's above-referenced text messages, Defendant began to place collection calls to Plaintiff's wife Catherine Brown (hereinafter "Catherine").

32. On February 2, 2021, at approximately 6:20 a.m. PST, Defendant left the following voicemail message on Catherine's cellular telephone:

> This message is intended for Catherine Brown. Catherine, I'm calling today in reference to a formal complaint that was placed in my office for Tyler Brown. We have to begin verification of employment and the verification of household income. I do have to contact your employer to verify employment. It says you're with Kingswood Elementary School, through the San Ramon Valley Unified School District.
>
> Just a final courtesy call. I had sent documentation over to Tyler. I had made arrangements to address this issue with him. He has not responded. We're going under the assumption he's not accepting the out-of-court settlement arrangement. We will be contacting your employer today. I do have to verify household income. So I'll have to verify wages and tenure with the company. We also have to do this for his employment as well. If you, him or his attorney have any questions regarding this issue, please contact my office. I could be reached at 716-351-3264. My extension's 107. Case number is D-2363706. Thank you.

33. With regard to the above-referenced voicemail message:

    a. 716-351-3264 is a number belonging to Defendant;

    b. Defendant's collector falsely sates that there is a "formal complaint" against Plaintiff;

    c. Defendant's collector threatened to contact Catherine's employer for wage verification; and

5

    d. Defendant's collector threatened to contact Plaintiff's employer for wage verification.

34. Catherine immediately shared the voicemail message with Plaintiff.

35. On or about February 2, 2021, after listening to the voicemail message, Plaintiff called Defendant. Defendant did not answer Plaintiff's call and Plaintiff left a voicemail message for Defendant.

36. On or about February 3, 2021, Defendant left the following voicemail message on Plaintiff's cellular telephone:

> Hey, Tyler. It's Mike with ARS. I got your voicemail. I just wanted to let you know I received it. Just call me back sometime this week, let me know what your abilities are. Like I said, I have other options for you too. So basically, your balance is the $5,383.63. You could do some sort of arrangement to pay that back or I can reduce your settlement. Not much, but I can reduce it a little bit to the $3,230. It would save you an additional three or $400 bucks on it. But yeah, just let me know if there's anything I can do for you going forward with us. Thank you.

37. On or about February 4, 2021, Defendant left the following voicemail message on Plaintiff's cellular telephone: "Hey, Tyler. It's Mike with ARS. I'm calling you today in reference to your file here. Give me a call when you get this message at 716-351-3264, extension 107. Thank you."

38. On or about February 5, 2021, Defendant left the following voicemail message on Plaintiff's cellular telephone: "Hi, this is Mike Fritton with the offices of ARS. This message is for Tyler Brown. Tyler, give me a call when you get this message. 716 351 3264, extension 107."

39. The voicemail message left on Catherine's phone was a scare tactic that Defendant intentionally used to coerce Plaintiff into entering into a payment plan.

40. In response to Defendant's threats, Plaintiff paid to Defendant a total of $3,230.18.

41. Defendant's collectors are or should be familiar with the FDCPA.

6

42. Defendant's collectors know or should know that a debt collector is required to provide meaningful disclosure when communicating with Plaintiff (an alleged debtor).

43. Defendant's collector knows or should know that a debt collector cannot make threats of legal action that cannot legally be taken or Defendant has no intention of taking.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats, reiterates, and incorporates by referenced the allegations contained in paragraphs 1-43 in Count I of Plaintiff's Complaint.

45. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a) of the FDCPA by communicating in connection with the collection of a debt before 8 o'clock a.m., when Defendant's collector left Plaintiff's wife a voicemail message at 6:20 a.m. PST.

    b. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged herein;

    c. Defendant violated 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure, when Defendant left text Plaintiff and left voicemail messages for Plaintiff without disclosing that the communication was from Atlantic Recovery Solutions, LLC;

    d. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    e. Defendant violated § 1692e(2)(A) of the FDCPA by the false representation of the

character, amount, or legal status of any debt, when Defendant's collector stated that their was a "formal complaint" against Plaintiff, when Defendant's collector stated that Plaintiff was served with a "legally required notice," and when Defendant's collector falsely stated that it would begin the process of asset verification, despite never obtaining a money judgment against Plaintiff for the alleged debt;

f. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, when Defendant's collector falsely stated that it was conducting an employment and income verification because Plaintiff did not want to settle the matter out of court;

g. Defendant violated § 1692e(5) of the FDCPA by Defendant's threat to take any action that cannot legally be taken or that is not intended to be taken, when Defendant's collectors made empty, veiled threats of legal action against Plaintiff;

h. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left text messages and voicemail messages for Plaintiff and did not disclose the communication is from a debt collector and that any information obtained will be used for that purpose; and

i. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, TYLER BROWN, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC for the following:

46. Actual damages of $3,230.18 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k; and

49. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

50. Plaintiff repeats, reiterates, and incorporates by referenced the allegations contained in paragraphs 1-43 in Count II of Plaintiff's Complaint.

51. Defendant violated the RFDCPA based on the following:

   a. Defendant violated §1788.10(e) of the RFDCPA by threatening that nonpayment of the consumer debt may result in the arrest of the debtor or the garnishment or attachment of wages of the debtor, when Defendant's collector threatened Plaintiff and Plaintiff's wife with employment and income verification during the "final courtesy call" made to Plaintiff;

   b. Defendant violated §1788.11(b) by placing telephone calls without meaningful disclose of the caller's identity, when Defendant left communications for Plaintiff without disclosing that the communications was from Atlantic Recovery Solutions, LLC.; and

   c. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. as

detailed above in Count I.

WHEREFORE, Plaintiff, TYLER BROWN, respectfully requests judgment be entered against Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC for the following:

52. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b);

53. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

54. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  November 24, 2021          AGRUSS LAW FIRM, LLC

By: /s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    TYLER BROWN